HOUSTON, Justice
(concurring specially).
On original submission, I concluded that a justiciable controversy was not present here and that this Court was duty-bound to notice ex mero motu the absence of subject-matter jurisdiction. The State’s application for rehearing has not changed my view in that respect.
The State concedes that there was no adverseness between it and Judge Moore; the State takes the position, instead, that Judge Moore should be realigned as a plaintiff and that the trial court had subject matter jurisdiction. In this connection, the State also concedes that the counterclaims the ACLU, the AFA, and the individual defendants filed against the State and Chief Justice Hooper were not viable and, thus, could not form the underpinnings for a justiciable controversy. The State argues, however, that a justiciable controversy existed because the ACLU, the AFA, and the individuals remained in the ease as defendants. Thus, according to the State, “there were adverse parties throughout the case.” This argument is not persuasive, in light of our caselaw. In State ex rel. Baxley v. Johnson, 293 Ala. 69, 74-75, 300 So.2d 106, 111 (1974), this Court acknowledged that “the Attorney General has the right and power to file suits for declaratory judgment,” but, nonetheless, pointed out that “the parties must be damaged and seeking a remedy, not just advice.” As was pointed out in the majority opinion, the State did not allege that it had been damaged by anything the ACLU, the AFA, or the individual defendants had done and the State sought no relief with respect to these defendants. It is also worth pointing out that the ACLU, the AFA, and the individual defendants did not file a cross-claim against Judge- Moore. Whether the AFA and the individual defendants could have done so, given the federal district court’s ruling in Alabama Freethought Ass’n v. Moore, 893 F.Supp. 1522 (N.D.Ala.1995), I need not address. I note only that the federal action was- dismissed for lack of standing under the case-or-controversy requirement of Article III of the United States Constitution. Although that action was decided under federal law and was dismissed without prejudice, the respective interests of the AFA and the individual defendants in litigating that lawsuit were fully explored, and no appeal was taken from the district court’s ruling.
SEE, Justice
(recusing).
Because I served as counsel for Judge Moore in the federal court ease regarding this matter, I must recuse.